JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majority’s holding under Issues I, II, and IV.
With regard to Issue I, I would simply add that defendants’product was found to be defective because the manufacturer failed to instruct the purchaser or user of that product on how to assemble it. The jury found that that defect caused misassembly of the product, and that misassembly caused the fire in plaintiffs’ place of business. The misassembly, which resulted from the manufacturer’s failure to instruct, cannot, as a matter of law, be misuse. To hold otherwise would be to hold that the defect created by the manufacturer can cause an affirmative defense to the manufacturer’s own conduct or omission. Such a result would make no sense under the traditional principles of product liability law.
I would also add that placement of the cord connector near a flammable object cannot, as a matter of law, constitute misuse. So long as the cord connector was being used for its intended purpose, to connect electrical cords, it was not being misused as that term is defined in product liability law. Its misplacement may have been negligent. However, contributory negligence was not a defense to plaintiffs’ claim in this case pursuant to § 27-1-719(5), MCA.
Under Issue III, I agree with the majority’s reversal of the District Court’s directed verdict in favor of defendants. However, I conclude, based on the deposition testimony which this Court has now held admissible, that plaintiffs have presented sufficient evidence to raise a factual issue regarding their entitlement to punitive damages under § 27-1-221(1), MCA. Pursuant to that statute, punitive damages may be awarded where a defendant is aware of facts which create a high probability of injury to a plaintiff and deliberately proceeds to act in conscious or intentional disregard of the potential for injury. Based upon the deposition testimony of Steve Campolo, which this Court has now held was admissible, it is clear that Levitón knew that warnings, wiring diagrams, and assembly instructions were necessary for its Catalog No. 67 cord connector, but that it failed to provide them. It is also apparent that Levitón knew that if the cord *15 connector was misassembled, the exact type of damage can occur which occurred in this case. In spite of this knowledge, Levitón not only failed to provide the necessary instructions or diagrams, but continued to market the cord connector with an Underwriters Laboratory designation which it had been instructed by that organization to remove.
The decision whether or not a factual issue has been raised regarding punitive damages will have to be based on the testimony that this Court has now held to be admissible. That testimony will not change from the time that this case is shipped from our clerk’s office back to the District Court. Therefore, the District Court is in no better position to rule on this issue than we are. Furthermore, this issue is properly before this Court based on the issues raised by the parties on appeal in this case.
Therefore, while I concur in the majority’s decision to reverse the District Court’s directed verdict on the issue of punitive damages, I dissent from that part of the majority opinion which concludes that whether or not a factual issue regarding punitive damages has been raised must necessarily be decided upon remand by the District Court.
For these reasons, and with these qualifications, I concur with part of the majority opinion, and dissent from part of that opinion.